UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARQUIS D. NEWSON,

    Plaintiff,

v.                                                Case No. 16-C-1084

MICHAEL LOPEZ &
CHRISTINA MARSHALL,

    Defendants.

## DECISION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

On August 15, 2016, Plaintiff Marquis Newson filed an action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated. The court granted the defendants' motion for summary judgment and dismissed this case on February 8, 2018. Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) on the ground that the judgment was based on a manifest error of law. For the reasons discussed below, Plaintiff's motion for reconsideration will be denied.

Rule 59(e) allows a court to alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)). A manifest error is "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A plaintiff must "clearly establish" that he is entitled to relief under Rule 59(e).

*Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Plaintiff identifies no manifest error of law or fact in his motion to reconsider. Plaintiff argues that the Court identified the controlling case as *Illinois v. Carbanes*, and that the correct name is *Illinois v. Caballes*, 543 U.S. 405 (2005). Plaintiff is correct that the case name is *Illinois v. Caballes;* however, that is a typographical error, not a manifest error.[1] Plaintiff then reargues his original positions and raises several points of disagreement with the Court's analysis. Plaintiff argues that *Caballes* is distinguishable for several factual reasons; however, the Court rejected that argument when it determined that *Caballes* controlled. Plaintiff argues that Kenny was given the scent of drugs or that if Kenny found drugs when he should have been looking for firearms, then Kenny did not know what he was doing. The Court previously rejected both arguments as meritless. Plaintiff argues that Kenny expanded the scope of the search warrant and the police should not have been allowed to open the bucket once Kenny alerted about it. The Court rejected this argument because the search warrant allowed the police to search in locations where small items, like bullets, may be located and the bucket was one such location. In sum, Plaintiff offers no argument of manifest law or fact; rather, he only provides his disagreement with the Court's analysis. Mere disagreement with the Court is not sufficient to warrant reconsideration. *See, e.g.*, *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments"); *Pac. Emp'rs Ins. Co. v. Clean Harbors Env't Servs., Inc.*, No. 08-C-2180, 2011 WL 4442806, at *3 (N.D. Ill. Sept. 21, 2011) ("A

---

[1] The Court notes that the proper legal citation was provided for *Illinois v. Caballes* in the original order. The only error was a typographical error in the case name. The Court will issue a revised order correcting the case name.

2

motion for reconsideration that merely expresses the movant's disagreement with prior rulings results in a waste of judicial resources"). In sum, Plaintiff has not established that the Court committed a manifest error of law requiring reconsideration.

**IT IS THEREFORE ORDERED** that Newson's motion for reconsideration (ECF No. 86) is **DENIED**.

Dated this   26th   day of February, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court